UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MICHAEL BONANO,

                            Plaintiff,        Case # 18-CV-6405-FPG

v.

                                                         DECISION AND ORDER

MICHAEL SHEAHAN, et al.,

                            Defendants.

## INTRODUCTION

*Pro se* Plaintiff Michael Bonano brings this case against Defendants pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights while he was an inmate at Southport Correctional Facility. ECF No. 1. On July 25, 2019, the Court referred this case to United States Magistrate Judge Marian W. Payson for pretrial proceedings. ECF No. 38.

Judge Payson scheduled a conference with the parties for August 28, 2019 pursuant to Federal Rule of Civil Procedure 16. Although Judge Payson sent Plaintiff notice of the conference, Plaintiff did not appear. ECF No. 41. Additionally, Plaintiff is no longer incarcerated and some of his mail has been returned as undeliverable since his release. ECF No. 39. As a result, on September 5, 2019, Defendants moved to dismiss this case pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule of Civil Procedure 5.2(d),[1] arguing that Plaintiff has failed to prosecute this case and keep a current address with the Court. ECF No. 42. Since then, on September 10, 2019, Judge Payson scheduled another status conference for October 7, 2019. ECF No. 44.

For the reasons that follow, the Court denies Defendants' motion.

---

[1] Defendants also purport to bring their motion under Local Rule 5.2(e), but it is inapplicable to their request for dismissal. Local Rule 5.2(e) merely indicates that the Clerk of Court will randomly assign *pro se* cases to district judges and that multiple cases filed by the same *pro se* litigant will be assigned to the same judge.

1

**DISCUSSION**

Under Rule 41(b), a court may dismiss a case for the plaintiff's failure to prosecute his claims. *Lopez v. Pichardo 2230 Rest. Corp.*, 734 F. App'x 16, 17 (2d Cir. 2018) (summary order); *see* Fed. R. Civ P. 41(b). Similarly, a court may dismiss a case under Local Rule 5.2(d) if a *pro se* litigant fails to furnish the court with a current address.

In evaluating whether to dismiss a case for the plaintiff's failure to prosecute, a court considers: (1) whether the plaintiff's failure caused a significant delay; (2) whether the plaintiff was notified that further delay would result in dismissal; (3) whether the defendant is likely to be prejudiced by further delay; (4) the balance between alleviating court calendar congestion and the plaintiff's right to an opportunity to be heard; and (5) the efficacy of lesser sanctions. *Lopez*, 734 F. App'x at 17-18 (citation omitted).

Here, Defendants have not analyzed the relevant factors; instead, they assert that Plaintiff's case should be dismissed because he "fail[ed] to comply with the rules of the Court." ECF No. 42-1. Review of the factors, however, compels the conclusion that dismissal is not warranted.

First, Plaintiff's inaction has not caused significant delay. Plaintiff missed a conference that was scheduled to occur on August 28, 2019, only two weeks ago. Second, although Defendants served their motion to dismiss upon Plaintiff and the Court's scheduling order on that motion indicated that Plaintiff's case could be dismissed if he did not respond, Plaintiff has not received formal notice from the Court, such as an order to show cause, warning him that delay in this case could result in dismissal.

Third, as to whether Defendants are likely to be prejudiced by further delay, as noted above the delay in this case has been short. Fourth, although the Court has a congested docket, it does not outweigh Plaintiff's right to an opportunity to be heard. Based on Plaintiff's correspondence

in his other cases, the Court believes that Plaintiff intends to prosecute this matter and that his lack of communication is based upon his transfer between different shelters since his release from prison. Finally, as to the fifth factor, based on all of the above, no sanction is warranted in this case.

Accordingly, for all the reasons stated, the Court denies Defendants' motion.

## CONCLUSION

Defendant's Motion to Dismiss (ECF No. 42) is DENIED. The Court warns Plaintiff that if he does not appear for the October 7, 2019 conference before Magistrate Judge Payson and does not keep a current address on the docket, his case may be dismissed with prejudice.

IT IS SO ORDERED.

Dated: September 11, 2019
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court