UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
———————————————————————

MICHAEL BONANO,

                              Plaintiff,

            v.

LOUIS E. TILLINGHAST, et al.,

                              Defendants.
———————————————————————

DECISION & ORDER

18-CV-6405G

            Plaintiff Michael Bonano ("Bonano"), acting *pro se*, filed a complaint asserting

claims under 42 U.S.C. § 1983 against defendants Louis E. Tillinghast ("Tillinghast"), Captain

Montegari ("Montegari"), James C. Edger ("Edger"), Michael T. Ruth, Jr. ("Ruth"), David M.

Rackett ("Rackett"), Clifton J. Adriance, III ("Adriance"), Charles Esgrow ("Esgrow"), Stephen

J. Maher ("Maher"), and Venetozzi (collectively "defendants"), all of whom are employed by the

New York State Department of Corrections and Community Supervision ("DOCCS").[1]  (Docket

# 1).  Bonano's complaint alleges that he was assaulted by defendants Tillinghast, Edger, Ruth,

Rackett, and Adriance on March 17, 2016, while he was incarcerated at Southpoint Correctional

Facility.  (*Id.*).  Bonano also alleges that defendants Esgrow and Venetozzi violated his

procedural due process rights during subsequent Tier III Superintendent's hearings regarding the

March 17, 2016 incident and that defendant Maher retaliated against him by referring him for

criminal prosecution based upon Bonano's alleged conduct during the incident.  (Docket # 1).

---

[1]  Bonano's complaint named several additional defendants who have since been dismissed from the action. (Docket ## 7, 17).

Currently pending before this Court is Bonano's motion to compel.  (Docket # 57).  In his motion, Bonano seeks an order compelling defendants to provide (1) initial disclosures, which were required to have been provided by no later than the court-ordered deadline of December 16, 2019 (*see* Docket # 50) and (2) responses to discovery demands served in September 2019[2]; he also requests assistance in securing a court reporter for depositions he wishes to take.[3]  (Docket ## 57, 59).  Bonano nevertheless acknowledges that defendants belatedly served their Rule 26 disclosures on January 6, 2020, and it is unclear whether he contends that those disclosures were deficient.  (Docket # 57 at 2).  Although Bonano does not identify any specific deficiencies with defendants' initial disclosures, he does maintain that he is entitled to a copy of Tillinghast's personnel file, including all administrative complaints filed against him for excessive force or the filing of false misbehavior reports.  (*Id.*).

In response to the motion, defendants indicate that they do not oppose proceeding with depositions provided that Bonano serves deposition notices and nonparty subpoenas.  (Docket # 61 at ¶¶ 3-5).  Defendants concede that they failed to provide their initial disclosures in accordance with the deadline set forth in the scheduling order, but note that they have now been provided and will be supplemented with additional documents.[4]  (Docket ## 56; 61 at ¶¶ 7-9).  Defendants further represent that Tillinghast's personnel file will be reviewed for any matters relating to excessive use of force or Tillinghast's truth and veracity and any responsive

---

[2]  In a subsequent filing, Bonano attached his discovery demands dated September 23, 2019.  (Docket # 59 at 4-5).

[3]  Bonano also requested an extension of the scheduling order.  (Docket # 57).  That portion of the motion was previously granted.  (Docket # 67).

[4]  Consistent with that representation, defendants supplemented their initial disclosures on March 5, 2020.  (Docket # 65).

records will be "reported" to the Court.  (Docket # 61 at ¶ 10).  Defendants' motion papers do not address Bonano's September 2019 discovery demands.

In reply, Bonano reiterates his request for responses to his September 2019 discovery demands.  (Docket # 63 at ¶¶ 9-11).  He also advises that he has successfully contacted a court reporter.[5]  (*Id.* at ¶ 15).

As reflected above, certain portions of Bonano's motion have been rendered moot.  Specifically, defendants' initial disclosures have been provided – albeit belatedly – and supplemented.  (Docket ## 56, 65).  Similarly, Bonano has resolved the issue of identifying a court reporter for depositions.  Accordingly, the only issue that remains for resolution is Bonano's request for an order compelling defendants to respond to his September 2019 discovery demands.  Defendants have not responded to this application, and it is not clear from defendants' papers whether they were aware that they had been served with discovery demands.  Indeed, the demands themselves appear at the end of a letter from Bonano to defendants' counsel containing Bonano's Rule 26 disclosures.  (*See* Docket # 59 at 2-5).  Because they were not served in a separate document, it is possible that defendants overlooked their inclusion at the end of plaintiff's disclosures.[6]

The record does not reveal whether defendants responded to Bonano's discovery demands after the motion was filed.  Plaintiff's demands are numbered (1) – (5) and appear on pages 4 and 5 of Docket # 59.  If defendants have not yet responded, they are ordered to provide

---

[5]  Bonano's reply papers raise three additional issues for the first time.  (Docket # 63 at ¶¶ 30-77).  First, he requests that the Court issue several nonparty subpoenas.  (*Id.* at ¶¶ 31-69).  Second, he seeks the appointment of a psychiatric expert and an independent medical examination of Tillinghast.  (*Id.* at ¶¶ 72-76).  Finally, he requests that defendants provide him with transcripts of his 2016 Tier III hearings.  (*Id.* at ¶ 77).  Given that these requests were raised for the first time in reply papers, and that they are the subject of separate motions (Docket ## 73, 74), the Court will address them in a subsequent Decision & Order.

[6]  To the extent Bonano may be requesting an order declaring that defendants have waived their objections by failing to timely respond to the demands (Docket # 58), such request is denied.

3

a written response to those demands and produce responsive documents by no later than **October 9, 2020**.  If the responses demonstrate that disputes exist with respect to the appropriate scope of the discovery demanded, the parties are directed to confer to attempt to resolve the disputes, as the Federal Rules of Civil Procedure require.[7]  (*See* Fed. R. Civ. P. 37(a)(1)).  Following such conferral, the parties may file appropriate motions to obtain judicial determinations of any disputes they cannot resolve.

       For the reasons explained above, Bonano's motion to compel **(Docket # 57)** is **GRANTED in part and DENIED in part as moot**.

**IT IS SO ORDERED.**

                            *s/Marian W. Payson*
                            MARIAN W. PAYSON
                    United States Magistrate Judge

Dated: Rochester, New York
       September 10, 2020

---

[7]  When responding to Bonano's requests, particularly those relating to other complaints of excessive force or the filing of false reports against Tillinghast, defendants should carefully review materials within their possession, custody, and control for responsive documents.  Defendants have indicated that they reviewed Tillinghast's personnel file and determined that it does not contain any "matters relating to (a) truth and veracity and (b) excessive use of force."  (Docket # 81 at ¶ 7).  Yet, Bonano has identified at least one instance in which Tillinghast was found liable for use of excessive force after a jury trial conducted in this district.  (Docket # 57 at 2 (citing *King v. Wenderlich*, No. 14-CV-6491 (Docket # 90)).  It is reasonable to believe that documents relating to that incident would be contained in Tillinghast's personnel file, or at least be within Tillinghast's possession or custody, or ability to produce.  In addition, defendants' statement that they will "report[]" their review of Tillinghast's personnel file to the Court (Docket # 61 at ¶ 10) suggests incorrectly that the Court has authorized that procedure.  The Court has made no such determination and expects that responsive documents will be produced to Bonano.