UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

MICHAEL BONANO,

                              Plaintiff,

         v.

LOUIS E. TILLINGHAST, et al.,

                             Defendants.

**DECISION AND ORDER**

6:18-CV-6405 EAW

_____

## INTRODUCTION

*Pro se* plaintiff Michael Bonano ("Plaintiff") filed this action seeking relief pursuant to 42 U.S.C. § 1983 for events occurring when he was incarcerated at Southport Correctional Facility. (Dkt. 1). The Court previously granted Plaintiff's request to proceed *in forma pauperis*, screened Plaintiff's complaint under the 28 U.S.C. §§ 1915(e)(2)(B) and 1915A criteria, and concluded that certain claims in his complaint were subject to dismissal but granted Plaintiff leave to replead those claims. (Dkt. 7). Plaintiff opted not to file an amended complaint, and to proceed only with the claims that the Court approved for service. (*See* Dkt. 17; Dkt. 29).

Presently before the Court is a motion to revoke Plaintiff's *in forma pauperis* status and conditionally dismiss Plaintiff's complaint pending payment of the filing fee filed by defendants Clifton J. Adriance, III, James C. Edger, Charles Esgrow, Stephen J. Maher, Montegari, David M. Rackett, Michael T. Ruth, Jr, Louis E. Tillinghast, and Venetozzi (collectively "Defendants"). (Dkt. 99). For the following reasons, Defendants' motion to vacate and conditionally dismiss is granted.

- 1 -

**BACKGROUND**

The allegations in Plaintiff's complaint arise from an alleged assault that occurred on March 17, 2016, a Misbehavior Report that was filed against him after the assault, the Tier III Superintendent's Hearings that followed, and an alleged failure to investigate the assault by the Chemung County District Attorney's Office and officials of the New York State Department of Corrections and Community Supervision and Office of Special Investigations. (*See generally* Dkt. 1; Dkt. 7). The claims that remain pending following screening by the Court are: (1) an Eighth Amendment claim against Defendants Tillinghast, Edger, Rackett, Ruth, and Adriance; (2) a procedural due process claim against Defendants Montegari, Esgrow, and Venetozzi related to the two Tier III Superintendent Hearings; and (3) a First Amendment retaliation claim against Defendant Maher. (Dkt. 7).

**DISCUSSION**

I.     ***In Forma Pauperis* Status and the "Three-Strikes" Rule**

A party commencing a civil action in this Court ordinarily must pay a $350.00 filing fee, as well as a $52.00 administrative fee. *See* 28 U.S.C. § 1914. Of course, the Court may grant a party leave to proceed *in forma pauperis* if it determines that the party is unable to pay the filing fee. *See* 28 U.S.C. § 1915. Nonetheless, not all litigants may be granted leave to proceed *in forma pauperis*. As set forth in 28 U.S.C. § 1915(g), the "three strikes" provision prevents prisoners from proceeding *in forma pauperis* if they have brought three or more lawsuits that have been dismissed as frivolous or for failure to state a claim:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior

occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Thus, under that statute, a prisoner with three strikes may proceed *in forma pauperis* only if he can show that he is "under imminent danger of serious physical injury." *Id.* "An imminent danger is not one that has dissipated by the time a complaint is filed; rather it must be one existing at the time the complaint is filed." *Chavis v. Chappius*, 618 F.3d 162, 169 (2d Cir. 2010) (internal quotation marks and citation omitted). The Second Circuit has instructed that, when determining whether a prisoner has shown an imminent danger, a court should "not make an overly detailed inquiry into whether the allegations qualify for the exception, because § 1915(g) concerns only a threshold procedural question." *Id.* (internal quotation marks omitted). The complaint "must reveal a nexus between the imminent danger it alleges and the claim it asserts." *Pettus v. Morgenthau*, 554 F.3d 293, 298 (2d Cir. 2009). "In deciding whether such a nexus exists, [courts must] consider[:] (1) whether the imminent danger of serious physical injury that a three-strikes litigant alleges is *fairly traceable* to unlawful conduct asserted in the complaint[;] and (2) whether a favorable judicial outcome would *redress* that injury." *Id.* at 298-99.

II.   **Plaintiff is a "Three-Strikes Litigant" and Does Not Argue that the "Imminent Danger" Exception Applies**

In support of their motion to revoke Plaintiff's *in forma pauperis* status, Defendants have attached relevant documents to support their motion. Specifically, in their moving

papers, Defendants argue that the following matters should constitute a strike for purposes of the instant motion: (1) the June 8, 2012 dismissal of *Bonano v. Vance*, No. 12-cv-3646 (S.D.N.Y.) (Dkt. 99-1 at 5-16); (2) the March 12, 2013 dismissal of the appeal of *Bonano v. Vance*, No. 12-3412 (2d Cir.), on grounds that the appeal lacked an arguable basis in law or fact (*id.* at 18-21); and (3) the May 30, 2018 dismissal of an appeal of *Bonano v. Staniszewski*, No. 12-cv-5879 (E.D.N.Y.) by the Second Circuit, No. 17-4163, on grounds that the appeal lacked an arguable basis in law or fact (*id.* at 23-47). In addition, in their reply papers, Defendants identify three additional alleged strikes: (4) the October 16, 2003 dismissal of *Armatullo[1] v. Vasquez*, 03-cv-8189 (S.D.N.Y.) pursuant to 28 U.S.C. 1915(e)(2) (Dkt. 101 at 5-6); (5) the dismissal of *Bonano v. Alonso*, 12-cv-3646 (S.D.N.Y.) (*id.* at 8-18); and (6) the dismissal of the appeal of *Bonano v. Alonso* (*id.* at 20-21).

The Court notes, however, that the *Bonano v. Alonso* case purporting to amount to Plaintiff's fifth and sixth strikes is the same case identified by Defendants initially as *Bonano v. Vance* in their first and second strikes. Of course, the same exact matters may not serve as duplicative strikes and the Court will disregard the fifth and sixth potential strikes advanced by Defendants.[2] More fundamentally, the Court also notes that another

---

[1] The docket sheet for this matter identifies Plaintiff as "Anthony Armatullo actual name Michael Bonano a/k/a Anthony Cusamano." (Dkt. 101 at 5).

[2] It is unclear from the docket sheet why Defendant Cyrus Vance is not separately listed as a defendant because he is the first named defendant in Plaintiff's complaint. Plaintiff references this discrepancy in his opposition papers. (*See* Dkt. 102 at ¶ 13). But a comparison of the case number, docket sheets, and filings submitted by Defendants make abundantly clear that Defendants are erroneously relying on the same action a second time in counting Plaintiff's alleged strikes. Accordingly, the Court need not resolve the reason behind the apparent discrepancy in case names.

court has previously determined that Plaintiff has obtained three strikes, *see Bonano v. Costello*, No. 919CV0671 (GTS/CFH), 2019 WL 3081058, at *3 (N.D.N.Y. July 15, 2019) ("Thus, unless it appears that the imminent danger exception to the three strikes rule is applicable in this action, Plaintiff should be precluded from proceeding with this action in forma pauperis."), a finding that this Court may adopt and apply *sua sponte*.[3] *See Carter v. Miller*, No. 922CV1086 (MAD/DJS), 2022 WL 16834055, at *1 (N.D.N.Y. Nov. 9, 2022) ("The District Court may revoke a plaintiff's IFP status on motion, or sua sponte."); *Shepherd v. Keyser*, No. 21-CV-2363 (LTS), 2021 WL 1842159, at *3 (S.D.N.Y. May 7, 2021) (holding that "the doctrine of issue preclusion (also known as 'collateral estoppel') applies and bars Plaintiff from relitigating the issue of whether he has three strikes"), *appeal dismissed*, No. 21-1364 (2d Cir. Oct. 26, 2021). Notwithstanding the prior determination, an independent analysis conducted through a search of the Public Access to Court Electronic Records ("PACER") database confirms that Plaintiff has at least three strikes.

Indeed, Plaintiff does not dispute his involvement in the aforementioned cases. Rather, he devotes pages of argument on the instant motion as to why the dispositions of

---

[3] In addition to three of the matters identified by Defendants here, then Chief United States District Judge Suddaby also deemed the following two matters to constitute strikes against Plaintiff: *Cusamano v. Bullock,* et al., No. 1:08-CV-2737, Memorandum and Order (E.D.N.Y. filed Aug. 28, 2008) (dismissing Plaintiff's civil rights action for failure to state a claim pursuant to 28 U.S.C. § 1915[A] and 28 U.S.C. § 1915[e][2][B]) and *Cusamano v. Carlsen*, et al., No. 9:08-CV-0422, Decision and Order (N.D.N.Y. filed April 24, 2008) (dismissing Plaintiff's civil rights action for failure to state a claim pursuant to 28 U.S.C. § 1915[e][2][B]). Judge Suddaby noted that Anthony Cusamano is another alias acknowledged by Plaintiff. *Bonano v. Costello*, 2019 WL 3081058, at *3.

those cases were in error.  But this Court is not the forum for Plaintiff to reargue his position in prior litigation, nor could it offer him relief from the judgments entered in those cases.  To the extent Plaintiff argues that his *in forma pauperis* status should not be revoked pursuant to the three-strikes rule because none of the identified complaints or appeals were dismissed for being frivolous or malicious or for failing to state a claim, (Dkt. 102 at ¶ 39), such argument is feckless.  Language dismissing an appeal on the grounds that it lacks an arguable basis in law or fact equates to a finding that the action or appeal was frivolous under § 1915(g).  *See Nietzke v. Williams*, 490 U.S. 319, 325 (1989) ("[A]n appeal on a matter of law is frivolous where none of the legal points are arguable on their merits. . . . By logical extension, a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law of fact." (quotation and citation omitted)); *Pillco v. Sessions*, 718 F. App'x 45, 47 (2d Cir. 2017) ("An action is frivolous [under § 1915] if it has no arguable basis in law or fact" (citing *Neitzke*, 490 U.S. at 325)); *Ross v. Smith*, No. 9:18-cv-39 (GLS/TWD), 2019 WL 4126434, at *1 (N.D.N.Y. Aug. 30, 2019) ("[T]he subsequent dismissal of [the plaintiff's] appeal on the grounds that it lacked an arguable basis in law or fact was a strike under § 1915(g)."). Further, the dismissal of an appeal of a frivolous complaint counts as a separate strike and accordingly, the district court dismissal of the *Bonano v. Vance* complaint and the Second Circuit's denial of the appeal in the same case may appropriately count as two strikes.  *See Clay v. Lee,* 828 F. App'x 24, 26 (2d Cir. 2020) (finding plaintiff's two prior § 1983 actions and prior appeal to qualify as "strikes"); *Ross v. Smith*, No. 9:18-cv-39 (GLS/TWD), 2019 WL 4126434, at *1 (N.D.N.Y. Aug. 30, 2019) ("[T]he subsequent dismissal of [the

plaintiff's] appeal on the grounds that it lacked an arguable basis in law or fact was a strike under § 1915(g)."); *Burgess v. Conway*, 631 F. Supp. 2d 280, 282 (W.D.N.Y. 2009) (rejecting plaintiff's argument that an appeal "should not count as a third strike because, he argues, he should be assessed no more than one strike per action"). Contrary to Plaintiff's contention, the fact that Plaintiff later paid the filing fee in a prior matter does not negate the Court's ability to consider it as a strike. *See Massey v. Fischer*, No. 08 CIV. 6098(CM), 2010 WL 234999, at *3 (S.D.N.Y. Jan. 19, 2010) ("However, whether Plaintiff paid the filing fee in a prior action is irrelevant to the question of whether the action qualifies as a strike for purposes of § 1915(g)."). In short, there is no information before the Court that suggests that Plaintiff has not accrued the requisite number of strikes to warrant revocation of his *in forma pauperis* status.

Moreover, Plaintiff does not argue that his *in forma pauperis* status should not be revoked based on the exception for "imminent danger" and this exception is therefore inapplicable. Finally, Plaintiff notes that he is no longer in custody. Plaintiff's release from custody does not exempt him from the impact of the "three strikes" rule, though he is not precluded from moving for *in forma pauperis* status "like any non-incarcerated litigant." *See Harris v. City of New York*, 607 F.3d 18, 22, 24 (2d Cir. 2010) ("Because Harris was a prisoner at the time he 'brought' the present action, the text of the statute mandates that the three strikes rule apply."); *Toliver v. Colvin*, No. 12-CV-227(LJV)(LGF), 2017 WL 547963, at *2 (W.D.N.Y. Feb. 10, 2017) ("If that still is the case—that is, if the plaintiff no longer is a prisoner—and if the plaintiff 'can establish his eligibility for *in forma pauperis* status,' then 'he, like any non-incarcerated litigant' who has established in

forma pauperis status, 'should be excused from paying the filing fee.'" (quoting *Harris*, 607 F.3d at 24).

Therefore, because Plaintiff incurred at least three prior strikes and failed to allege the imminent danger of serious physical harm, his *in forma pauperis* status is hereby revoked. Plaintiff has 30 days to pay the filing and administrative fees or submit a new application to proceed *in forma pauperis*, or his complaint will be dismissed and the Clerk of Court will close the case.

## **CONCLUSION**

For the reasons stated above, the Court finds that Plaintiff had accrued three strikes under 28 U.S.C. § 1915(g) prior to the commencement of this action. Plaintiff's *in forma pauperis* status is therefore REVOKED. Plaintiff has until 30 days from the entry of this Order to file a new motion to proceed *in forma pauperis* or pay the $402.00 in filing fees. If Plaintiff does not file a motion or pay $402.00 by that date, Plaintiff's claims shall be dismissed without prejudice, and the Clerk of Court shall terminate this action without further order of the Court.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

DATED:   December 1, 2022
         Rochester, New York