UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MICHAEL BONANO,

                             Plaintiff,

      v.

LOUIS E. TILLINGHAST, Corrections Officer,
et al.,

                             Defendants.
_____

REPORT & RECOMMENDATION

18-CV-6405EAW

## PRELIMINARY STATEMENT

Plaintiff Michael Bonano initiated this action *pro se* on June 1, 2018, asserting claims under 42 U.S.C. § 1983. (Docket # 1). By Order of Hon. Frank P. Geraci, Jr.,[1] United States District Judge, dated July 25, 2019, all pretrial matters in the above captioned case have been referred to this Court pursuant to 28 U.S.C. §§ 636(b)(1)(A)-(B). (Docket # 38). On February 6, 2024, this Court issued the pending Order to Show Cause why this case should not be dismissed for failure to prosecute pursuant to Rule 41(b) of the Local Rules of Civil Procedure for the United States District Court for the Western District of New York. (Docket # 121). Bonano did not respond to the Order to Show Cause.

As recounted in the Order to Show Cause, Bonano last updated his address with the Court by letter dated March 15, 2023. (Docket ## 112, 121). In that letter, Bonano indicated that his address was B&C#349-220-1734, Unit 2A-A, Vernon C. Bain Center ('V.C.B.C.'), 1 Halleck St., Bronx, N.Y. 10474. (Docket # 112). On November 13, 2023, Chief United States

---

[1] The case subsequently was transferred to the Hon. Elizabeth A. Wolford, Chief United States District Judge, on October 29, 2020. (Docket # 87).

District Judge Elizabeth A. Wolford issued a Decision and Order denying plaintiff's motion for reconsideration and lifting the stay in this matter.  (Docket # 114).  A copy of the Decision and Order was sent to plaintiff at his updated address – 349-220-1734, Unit 2A-A, Vernon C. Bain Center, 1 Halleck Street, Bronx, NY 10474.[2]  (*Id.*).  On November 20, 2023, pursuant to Chief Judge Wolford's Decision and Order, this Court scheduled a telephone status conference to be held with the parties on December 6, 2023, at 11:00 a.m.  (Notice, dated 11/20/2023).  The Notice directed the parties to call chambers and provided the telephone number.  (*Id.*).  In addition, the Notice was mailed to plaintiff at his address of record – 349-220-1734, Unit 2A-A, Vernon C. Bain Center, 1 Halleck Street, Bronx, NY 10472.  (*Id.*).  On December 6, 2023, Assistant Attorney General Matthew D. Brown, counsel for defendants, appeared by telephone; plaintiff did not appear.  (Docket # 116).  That same day, the Notice setting the December 6th telephone status conference was returned to the Court as undeliverable, "Return to Sender.  Not Deliverable as Addressed."  (Docket # 115).

By Order dated December 7, 2023, this Court rescheduled the telephone status conference to January 10, 2024, at 10:00 a.m.  (Docket # 117).  The parties were directed to call chambers at the time of the conference.  (*Id.*).  The Order further advised plaintiff that "should plaintiff fail to appear for the January 10, 2024 telephone status conference, this Court w[ould] issue an Order to Show Cause why the case should not be dismissed for failure to prosecute."  (*Id.*).  The Order was mailed to plaintiff at his address of record – 349-220-1734, Unit 2A-A, Vernon C. Bain Center, 1 Halleck Street, Bronx, NY 10472.  (*Id.*).  On December 28, 2023, this

---

[2] Several weeks later, on December 8, 2023, Chief Judge Wolford's November 13, 2023 Decision and Order (Docket # 114) was returned to the Court as undeliverable for the reason: "Not Deliverable as Addressed. Unable to Forward."  (Docket # 118).

2

Court's December 7, 2023 Order was returned as undeliverable, "Returned to Sender, Unable to Forward." (Docket # 119). Again, plaintiff failed to appear for the rescheduled conference.

Following plaintiff's second failure to appear for the telephone status conference, this Court issued the pending Order to Show Cause on February 6, 2024. (Docket # 121). The Order to Show Cause directed Bonano to respond by February 29, 2024. (*Id.*). It warned Bonano, "Failure to comply with this order will result in the recommendation of the dismissal of this action with prejudice pursuant to Fed. R. Civ. P. 41(b)." (*Id.*).

The Order to Show Cause was mailed to plaintiff at – B&C#349-220-1734, Unit 2A-A, Vernon C. Bain Center ('V.C.B.C.'), 1 Halleck St., Bronx, N.Y. 10474 and 349-220-1734, Unit 2A-A, Vernon C. Bain Center, 1 Halleck Street, Bronx, NY 10472. (*Id.*). On February 22, 2024, the mailings were returned as undeliverable, "Returned to Sender. Not Deliverable as Addressed. Unable to Forward." (Docket # 122). Bonano has not responded to the Order to Show Cause.

On this record, the Court recommends that this action be dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b).

## **DISCUSSION**

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the dismissal of an action for failure to prosecute, providing in relevant part:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision . . . operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b). Although the rule refers to dismissal upon motion of a defendant, the Supreme Court has made clear that a court has the inherent authority to dismiss an action *sua sponte*. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) ("[t]he authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases"); *see also Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993); *Taub v. Hale*, 355 F.2d 201, 202 (2d Cir.), *cert. denied*, 384 U.S. 1007 (1966). In addition, the Local Rules of Civil Procedure for the United States District Court for the Western District of New York provide that "[i]f a civil case has been pending for more than six (6) months and is not in compliance with the directions of the . . . Magistrate Judge, or if no action has been taken by the parties in six (6) months, the Court may issue a written order to the parties to show cause within thirty (30) days why the case should not be dismissed for failure to comply with the Court's directives or to prosecute." W.D.N.Y. Local Rule 41(b).

Dismissal is warranted under Rule 41(b) where the record demonstrates a lack of due diligence by a plaintiff in the prosecution of his lawsuit. *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982). Moreover, "prejudice resulting from unreasonable delay may be presumed as a matter of law." *Peart v. City of N.Y.*, 992 F.2d 458, 462 (2d Cir. 1993); *Charles Labs, Inc. v. Banner*, 79 F.R.D. 55, 57 (S.D.N.Y. 1978) ("[t]he operative condition on a Rule 41(b) motion is lack of due diligence on the part of the plaintiff, 'not a showing by defendant that it would be prejudiced'") (quoting *Messenger v. United States*, 231 F.2d 328, 331 (2d Cir. 1956)). Dismissal is considered "a harsh remedy to be utilized only in extreme situations." *See Minnette v. Time Warner*, 997 F.2d at 1027 (internal quotations omitted).

Nevertheless, applying these standards, courts frequently have found dismissal of a complaint justified when the plaintiff fails to take any specific or concrete actions over a substantial length of time. *See*, *e.g.*, *Fischer v. Dover Steamship Co.*, 218 F.2d 682, 683 (2d Cir. 1955) (plaintiff's failure to appear for deposition noticed seven months earlier, despite court order requiring his appearance, justified dismissal for failure to prosecute); *Myvett v. Rosato*, 2004 WL 1354254, *2 (S.D.N.Y. 2004) ("[t]hat nearly a year has elapsed since [*pro se* plaintiff] took any steps to prosecute this case, such as responding to outstanding discovery requests, strongly counsels in favor of dismissal"); *West v. City of N.Y.*, 130 F.R.D. 522, 525-26 (S.D.N.Y. 1990) (*pro se* plaintiff's inactivity for nineteen months warranted dismissal for failure to prosecute) (citing *Chira v. Lockheed Aircraft Corp.*, 634 F.2d 664 (2d Cir. 1980) and other cases).

In the case at bar, Bonano has not communicated with the Court for more than one year, when he filed a letter in March 2023 updating his address. (Docket # 112). He has twice failed to appear for the court-ordered telephone status conference. (Docket ## 116, 120). When he first failed to appear, this Court issued an Order rescheduling the conference and warning plaintiff that if he did not appear at the rescheduled conference an Order to Show Cause would issue. (Docket # 117). When he failed to appear at the rescheduled conference, this Court issued an Order to Show Cause warning Bonano that his failure to respond would result in a recommendation by this Court to dismiss the action. (Docket # 121). Unsurprisingly, given Bonano's apparent failure to apprise the Court of his current address, the Order to Show Cause was returned to the Court as undeliverable, and Bonano has never responded to it. (Docket # 122).

As several courts have noted, "[i]t is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties

to pending actions." *Gomez-Ka'Dawid v. Wright*, 2013 WL 1103208, *1 (W.D.N.Y. 2013) (collecting cases). "The Second Circuit has emphasized the importance of first giving the *pro se* litigant a direct warning that his case will be dismissed for failure to prosecute." *Id.* at *2. In this case, the Order to Show Cause explicitly warned Bonano of the possibility of dismissal. That it was returned because Bonano failed to update his address cannot insulate Bonano from the consequences of his delinquency. Additionally, "[f]urther attempts to notify [Bonano] would be futile as the Court has no means by which to contact [Bonano]." *Id.* On this record, I find that Bonano's unexplained inaction demonstrates the level of prosecutive delinquency justifying dismissal.

## CONCLUSION

For the foregoing reasons, I recommend that the district court dismiss this action with prejudice pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute.

*s/Marian W. Payson*
MARIAN W. PAYSON
United States Magistrate Judge

Dated: Rochester, New York
       April 16, 2024

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED**, that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report and Recommendation in accordance with the above statute, Fed. R. Civ. P. 72(b), 6(a) and 6(d) and Local Rule 72(b).

The district court will ordinarily refuse to consider on *de novo* review arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance. *See, e.g., Paterson-Leitch Co., Inc. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988).

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) of the Local Rules for the Western District of New York, "written objections . . . shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority." **Failure to comply with the provisions of Rule 72(b), or with the similar provisions of Rule 72(a) (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Court's refusal to consider the objection.**

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the attorneys for the Plaintiff and the Defendant.

**IT IS SO ORDERED.**

                                          *s/Marian W. Payson*
                                          MARIAN W. PAYSON
                                        United States Magistrate Judge

Dated: Rochester, New York
         April 16, 2024