UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

MICHAEL BONANO,

                Plaintiff,

      v.

LOUIS E. TILLINGHAST, et al.,

                Defendants.
_____

**DECISION AND ORDER**

6:18-CV-6405 EAW

## INTRODUCTION

*Pro se* plaintiff Michael Bonano ("Plaintiff") initiated this action pursuant to 42 U.S.C. § 1983 on June 1, 2018. (Dkt. 1). Currently pending before the Court is a Report and Recommendation (the "R&R") issued by United States Magistrate Judge Marian W. Payson recommending the dismissal of Plaintiff's claims with prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). (Dkt. 123). For the reasons set forth below, the Court adopts the R&R and dismisses Plaintiff's claims with prejudice, but the counterclaim asserted by Defendant Tillinghast is dismissed without prejudice because to the extent it remains pending, the Court declines to exercise supplemental jurisdiction.

## BACKGROUND

As set forth in more detail in the R&R, Plaintiff last provided the Court with an updated address on March 15, 2023. (Dkt. 123 at 1). On November 20, 2023, Judge Payson scheduled a telephone status conference for December 6, 2023, at 11:00 a.m., at

which Plaintiff failed to appear. (*Id.* at 2). The notice for the conference was returned to the Court as undeliverable. (*Id.*). The telephone status conference was rescheduled for January 10, 2024, by Order dated December 7, 2023. (*Id.*). The Order specifically advised plaintiff that "should plaintiff fail to appear for the January 10, 2024 telephone status conference, this Court w[ould] issue an Order to Show Cause why the case should not be dismissed for failure to prosecute." (*Id.*). This order was also returned as undeliverable, and Plaintiff again failed to appear for the conference. (*Id.* at 3).

On February 6, 2024, Judge Payson issued an Order to Show Cause why the matter should not be dismissed with prejudice for failure to prosecute. (Dkt. 121). The Order to Show Cause directed Plaintiff to respond by February 29, 2024, and warned him that failure to comply would "result in the recommendation of the dismissal of this action with prejudice pursuant to Fed. R. Civ. P. 41(b)." (*Id.*). The Order to Show cause was mailed to Plaintiff at his address of record, and returned as undeliverable. (Dkt. 122). Plaintiff did not respond to the Order to Show Cause.

On April 16, 2024, Judge Payson issued the R&R, recommending that Plaintiff's case be dismissed with prejudice for failure to prosecute pursuant to Rule 41(b). (Dkt. 124). The R&R was also returned as undeliverable (Dkt. 124; Dkt. 125), and Plaintiff did not file objections to the R&R.

## DISCUSSION

Pursuant to 28 U.S.C. § 636(b)(1), the parties had 14 days to file objections to the R&R. No objections were filed. The Court is not required to review *de novo* those portions of a report and recommendation to which objections were not filed. *See Mario v. P & C*

*Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure [to timely] object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision."). Notwithstanding the lack of objections, the Court has conducted a careful review of the R&R, as well as the prior proceedings in the case, and finds no reason to reject or modify the R&R. Accordingly, Plaintiff's claims will be dismissed with prejudice for failure to prosecute.

## CONCLUSION

For the foregoing reasons, the Court adopts the R&R (Dkt. 123) to the extent it recommended dismissal of Plaintiff's complaint with prejudice for failure to prosecute pursuant to Rule 41(b). The Court notes that Defendant Tillinghast has asserted a counterclaim for assault and battery against Plaintiff. (Dkt. 36 at 4). The R&R recommended dismissal of the "action" and Defendant Tillinghast has not filed any objections thereto. Nonetheless, out of an abundance of caution, the Court will dismiss the counterclaim without prejudice based on the declination of supplemental jurisdiction over that state law counterclaim, to the extent it remained pending. The Clerk of Court is directed to enter judgment in favor of Defendants and close the case.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:   May 6, 2024
         Rochester, New York